# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
SHIRLON HAYWOOD,

                                Plaintiff,

            -against-

DELTA AIRLINES INC.,

                              Defendants.
---------------------------------------------------------------------X

Index No.

Plaintiff designates
KINGS County as the place
of trial.

Basis of the venue is
Plaintiff's Residence

**SUMMONS**

Plaintiff resides at
1440 East 84th Street,
Apt.1
Brooklyn, NY 11235

**TO THE ABOVE NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

| **Defendant's address** | **PAZER, EPSTEIN, JAFFE & FEIN, P.C.** |
|---|---|
| DELTA AIRLINES, INC.<br>Corporation Service Company<br>80 State Street<br>Albany, New York 12207-2543<br>(Secretary of State) | Attorneys for Plaintiff<br>20 Vesey Street, 7th Floor<br>New York, New York 10007<br>(212) 227-1212 |

**Notice: The nature of this action is as follows:** personal injury

**The relief sought is as follows:** monetary damages

**UPON YOUR FAILURE TO APPEAR:**
Judgment will be taken against you by default for a sum in excess of the jurisdictional limits of all lower Courts, with interest from **August 14, 2019** and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
SHIRLON HAYWOOD,

                                    Plaintiff,

      -against-

DELTA AIRLINES, INC.,

                                    Defendants,
---------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

        The plaintiff, SHIRLON HAYWOOD, complaining of the defendant, DELTA AIRLINES, INC., by his attorneys, Pazer, Epstein, Jaffe & Fein, P.C., respectfully alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION SOUNDING IN NEGLIGENCE

    FIRST:    That at all times hereinafter mentioned, the defendant, DELTA AIRLINES, INC., was and still is a foreign corporation duly authorized to conduct business in the State of New York.

    SECOND:    That at all times hereinafter mentioned, the defendant, DELTA AIRLINES, INC., was and still is the owner of the premises commonly referred to as Terminal C at LaGuardia Airport in the County of Queens, City and State of New York.

    THIRD:    That at all times hereinafter mentioned, the defendant, DELTA AIRLINES, INC., was and still is a tenant of the premises commonly referred to as Terminal C at the location of LaGuardia Airport in the County of Queens, City and State of New York.

FOURTH: That at all times hereinafter mentioned, the defendant, DELTA AIRLINES, INC., was and still is the Lessee of the premises commonly referred to as Terminal C at the location of LaGuardia Airport in the County of Queens, City and State of New York.

FIFTH: That at all times hereinafter mentioned, and on or about the 14th day of August, 2019, the defendant, DELTA AIRLINES, INC., did have a contract with an entity known as ISS Facilities Services for ISS Facilities Services to perform certain work, labor and/or services at the aforementioned location, namely LaGuardia Airport, in the County of Queens, City and State of New York.

SIXTH: That at all times hereinafter mentioned, and on or about the 17th day of August, 2019, the plaintiff, SHIRLON HAYWOOD, was employed by ISS Facilities Services.

SEVENTH: That on or about the 14th day of August, 2019, the plaintiff, SHIRLON HAYWOOD, was working at Terminal C at the location known as LaGuardia Airport, in the County of Queens, City and State of New York.

EIGHTH: That on the 14th day of August, 2019, while plaintiff, SHIRLON HAYWOOD, was lawfully upon the aforementioned premises as an employee of ISS Facilities Services, he was caused to sustain severe and serious personal injuries.

NINTH: That at the time of the aforesaid occurrence causing injuries to the plaintiff herein, plaintiff was engaged in certain construction, alteration, demolition, repair and/or other construction related activities at the aforementioned premises.

TENTH: That aforementioned occurrence causing injuries to the plaintiff herein was caused by the negligence, carelessness and recklessness of the defendant and its contractors, agents and employees who were negligent in the ownership, operation, management, maintenance and control of the aforesaid premises and work being performed thereat.

ELEVENTH: That as a result of the aforementioned, this plaintiff was caused to suffer severe and serious personal injury, suffering injuries to his mind and body, some of which, upon information and belief, are believed to be permanent with permanent effects thereof, and further, this plaintiff was caused to be rendered sick, sore, lame and disabled and subject to great physical pain and mental anguish for which this plaintiff was required to seek medical care and attention in an effort to alleviate and/or cure some of the ills, injuries and disabilities suffered; further, this plaintiff was prevented from following his usual vocation for a considerable period of time and was further caused to be prevented from enjoying the normal fruits of his activities, both social and economic, all resulting in substantial monetary expense and loss, and upon information and belief, this plaintiff may continue indefinitely into the future to suffer similar losses, expenses and disabilities, all to his damage in a sum in excess of the jurisdictional limits of all lower Courts of the State of New York.

### AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF LABOR LAW SECTION 241(6)

TWELFTH: This plaintiff repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as though more fully set forth herein at length.

THIRTEENTH: That it was the duty of the defendants, their agents, servants and/or employees, to comply with Section 241(6) of the New York State Labor Law and the applicable provisions of the Industrial Code of the State of New York, the Federal Occupational Safety and Health Regulations, and all other applicable, pertinent and relevant statutes, laws, rules, ordinances and regulations in so constructing, shoring, equipping, guarding, arranging, operating and conducting the aforementioned building, land, premises, structure and construction site so as to provide reasonable and adequate protection to plaintiff, and other persons employed therein or lawfully frequenting said site.

FOURTEENTH: That the defendants violated Labor Law Section 241(6) and applicable sections of the New York State Industrial Code in failing to cause or construct, shore, equip, guard, arrange, operate and conduct the aforementioned building, land, premises, structure and construction site so as to provide reasonable and adequate protection and safety to the plaintiff and others employed therein or lawfully frequenting said site.

FIFTEENTH: That as a result of the aforementioned, this plaintiff was caused to suffer severe and serious personal injury, suffering injuries to his mind and body, some of which, upon information and belief, are believed to be permanent with permanent effects thereof, and further, this plaintiff was caused to be rendered sick, sore, lame and disabled and subject to great physical pain and mental anguish for which this plaintiff was required to seek medical care and attention in an effort to alleviate and/or cure some of the ills, injuries and disabilities suffered; further, this plaintiff was prevented from following his usual vocation for a considerable period of time and was further caused to be prevented from enjoying the normal fruits of his activities, both social and economic,

all resulting in substantial monetary expense and loss, and upon information and belief, this plaintiff may continue indefinitely into the future to suffer similar losses, expenses and disabilities, all to his damage in a sum in excess of the jurisdictional limits of all lower courts of the State of New York, together with costs and disbursements to abide the event.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF UNDER THE PROVISIONS OF LABOR LAW SECTION 200

SIXTEENTH: The plaintiff repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action, together with the same force and effect as though set forth at length herein.

SEVENTEENTH: That in accordance with Section 200 of the New York State Labor Law and the applicable provisions of the Industrial Code of the State of New York, the Federal Occupational Safety and Health Regulations, and all other applicable, pertinent and relevant statutes, laws, rules, ordinances and regulations, it was the duty of the defendants, their agents, servants and/or employees, to so construct, equip, arrange, operate and conduct the aforementioned work site so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting said place, including the plaintiff, and to so place, operate and guard all machinery, equipment and devices therein so as to provide reasonable protection to all such persons.

EIGHTEENTH: That the defendants, their agents, servants and/or employees, failed to comply with Section 200 of the New York State Labor Law and the applicable provisions of the Industrial Code of the State of New York, the Federal Occupational Safety and Health Regulations, and all other applicable, pertinent and

relevant statutes, rules, ordinance and regulations to so construct, equip, arrange, operate and conduct the aforementioned building structure so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting said place, including the plaintiff, and to so place, operate and guard all machinery, equipment and devices therein so as to provide reasonable protection to all such persons.

NINETEENTH: That as a result of the aforementioned, this plaintiff was caused to suffer severe and serious personal injury, suffering injuries to his mind and body, some of which, upon information and belief, are believed to be permanent with permanent effects thereof, and further, this plaintiff was caused to be rendered sick, sore, lame and disabled and subject to great physical pain and mental anguish for which this plaintiff was required to seek medical care and attention in an effort to alleviate and/or cure some of the ills, injuries and disabilities suffered; further, this plaintiff was prevented from following his usual vocation for a considerable period of time and was further caused to be prevented from enjoying the normal fruits of his activities, both social and economic, all resulting in substantial monetary expense and loss, and upon information and belief, this plaintiff may continue indefinitely into the future to suffer similar losses, expenses and disabilities, all to his damage in a sum in excess of the jurisdictional limits of all lower Courts of the State of New York.

**WHEREFORE**, the plaintiff demands relief against the defendants on all causes of action for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law, in a sum in excess of the jurisdictional limits

of all lower Courts of the State of New York, together with costs and disbursements to abide the event.

Dated: New York, New York
June 21, 2021

Yours, etc.,

PAZER, EPSEIN, JAFFE & FEIN, P.C.

BY: _____
MICHAEL JAFFE
Attorneys for Plaintiff(s)
Office & P.O. Address:
20 Vesey Street, Suite 700
New York, New York 10007
(212) 227-1212

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

**MICHAEL JAFFE**, under penalty of perjury affirms:

That he is counsel for the plaintiff in the within action; that he has read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

Your Affirmant further says that the sources of his information and the grounds for his belief are correspondence and conferences had with the plaintiff and in investigations made by your Affirmant and members of his staff.

Your Affirmant further says that the reason why this verification is not made by said plaintiff is because he/she does not reside within the County of New York where your Affirmant maintains his office.

_____
MICHAEL JAFFE

Affirmed on this 21st
day of June, 2021

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

SHIRLON HAYWOOD,

                                                                                                 Plaintiff(s),

-against-

DELTA AIRLINES, INC.,

                                                                                                 Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

**PAZER, EPSTEIN, JAFFE & FEIN, P.C.**
Attorneys for Plaintiff(s)
20 Vesey Street, Suite 700
New York, New York 10007
(212) 227-1212

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. Sec. 130-1.1a

**MICHAEL JAFFE, ESQ.**, hereby certifies that, pursuant to 22 N.Y.C.R.R. Sec. 130-1.1a, all of the attached documents indicated above are not frivolous nor frivolously presented.

Dated: New York, New York
          June 21, 2021

                                                                     MICHAEL JAFFE

**PLEASE TAKE NOTICE**

[ ] Notice of Entry         That the within is a true copy of an order entered in the office
                                                  of the clerk of the within named court on

[ ] Notice of Settlement    That an Order of which the within is a true copy will be presented
                                                  for settlement to the Hon.     , one of the judges of the within
                                                  named Court on         at

Dated: New York, New York
          June 21, 2021

                                                  PAZER, EPSTEIN, JAFFE & FEIN, P.C.
                                                  Attorneys for Plaintiff(s)
                                                  20 Vesey Street
                                                  New York, New York 10007
                                                  (212) 227-1212